FIRST NATIONAL BANK AND TRUST COMPANY OF PORT CHESTER, NEW YORK, ET AL.
*vs.*
ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH, ET AL.

Superior Court        Fairfield County        File No. 56416

MEMORANDUM FILED FEBRUARY 7, 1939.

*William L. Tierney,* of Greenwich, for the Plaintiff.

*Cummings & Lockwood,* of Stamford; *H. Allen Barton,* of Greenwich, for the Defendants.

FOSTER, J.   The First National Bank and Trust Company of Port Chester is the only one of the plaintiffs that has any interest in this appeal.

The plaintiff owns an island in Long Island Sound, having an area of about two acres, a distance of about 260 feet from the mainland.   It also owns certain land on the mainland opposite the island.   On the island are five dwellings, one of which has, in the past, been used as a boarding house, and a number of bathhouses.   It is the desire of the plaintiff to use the lot on the mainland as a parking space for automobiles of those using the island.   The lot on the mainland is in zone "A" under the zoning ordinances of the Town of Greenwich and, as it stands alone, admittedly cannot be used as a parking space under such zoning ordinances.

On August 3, 1938, the building inspector of the Town of Greenwich ordered a discontinuance of the use of the lot as a parking space.   Upon appeal from such decision to the Zoning Board of Appeals of the Town of Greenwich, the decision was affirmed after due notice and hearing.   The plaintiff now appeals to this court.

It claims that it owns the land under water between the island and the lot on the mainland, and that the island and the lot form one piece of land and that the use it desires to make of the lot is an accessory use within the purview of the zoning ordinances.

This issue is found against the plaintiff.

The remaining issue is whether the Zoning Board of Appeals acted arbitrarily, illegally or so unreasonably as to have abused its discretion in affirming the decision of the building inspector.

The zoning ordinances were in existence when the plaintiff bank took a mortgage on the island. The bank now owns this island and lot by reason of foreclosure and not by desire. Some of the values placed upon the island and lot by experts were so fantastic as not to be entitled to credit.

The surrounding property on the mainland is high in grade and value, some of it very high. The noise, odor and general disturbance that would be caused by the parking of automobiles upon this lot were undoubtedly taken into consideration by the Zoning Board of Appeals and properly so. The use of the lot in question as a parking space would undoubtedly enhance, to some degree, the value of the island and the lot. But the original owners bought the island as such, the plaintiff took a mortgage on the island, subject to zoning regulations after the zoning ordinances were adopted, and they now so hold the property. The real contention of the plaintiff is not that the order of the building inspector as affirmed by the Zoning Board of Appeals caused it loss, but rather that such order will, in the future, prevent it from securing profit.

On the other hand, owners of neighboring property would be injured in the quiet, and peaceful, and healthful enjoyment of their homes, and would suffer very great financial loss in the present values of their property if the plaintiff were to use the lot as a parking space.

The court cannot find that the Zoning Board of Appeals acted arbitrarily, or unreasonably or contrary to law.

The appeal of the plaintiffs is denied and dismissed.